UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PEDRO DEROBLES, | ) | 1:06-CV-01804 AWI WMW HC |
| | ) | |
| Petitioner, | ) | ORDER DECLINING TO ADOPT FINDINGS |
| | ) | AND RECOMMENDATION REGARDING |
| v. | ) | PETITION FOR WRIT OF HABEAS CORPUS |
| | ) | PURSUANT TO 28 U.S.C. § 2241 |
| DENNIS SMITH, | ) | |
| | ) | ORDER DISMISSING PETITION AS |
| Respondent. | ) | PREMATURE |
| | ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On April 24, 2007, the Magistrate Judge filed findings and recommendations herein. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days. Respondent filed objections on May 9, 2007, and Petitioner filed objections on May 18, 2007.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the court finds that Respondent's objections have merit and therefore declines to adopt the findings and recommendations of the Magistrate Judge.

As explained in the findings and recommendations, Petitioner is currently in custody of the Bureau of Prisons ("BOP") at Taft Correctional Institution located in Taft, California, pursuant to a judgment of the United States District Court for the Central District of California. Petitioner was

sentenced to serve eighteen (18) months imprisonment on November 22, 2005.

On September 15, 2006, Petitioner filed the instant federal petition for writ of habeas corpus in this Court.  Petitioner claims the BOP is unlawfully denying him consideration for placement into a Residential Re-entry Center ("RRC") for the last six months of his eighteen month sentence. Respondent states in his opposition that Petitioner has a projected release date of March 14, 2009. This court agrees with the Magistrate Judge's finding that the BOP regulations contradict, rather than interpret, Congress's intent in enacting 18 U.S.C. §§ 3621(b) and 3624(c).  This court further agrees with the recommendations that Respondent must eventually consider the appropriateness of transferring Petitioner to an RRC in light of the factors set forth in § 3621(b), not excluding any other factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21.  The issue, however, is when Respondent is required to complete this analysis.

In his objections, Respondent argues that under BOP Program Statement 7310.04, Petitioner does not have a right to be considered for RRC placement until 11 months before his good time release date of March 14, 2009.   The court finds this argument meritorious and notes that Petitioner has not challenged Program Statement 7310.04 in his petition.  The court further finds that it is more than 11 months before Petitioner's good time release date.  Accordingly, the court will dismiss this petition without prejudice.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to file another petition if Respondent does not comply with the schedule set forth in  Program Statement 7310.04 for consideration of Petitioner for RRC placement;

2) The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

**Dated:   February 25, 2008**              /s/ Anthony W. Ishii
                                             UNITED STATES DISTRICT JUDGE

2